# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LARRY LEE HIMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-00215** |
| | ) | **Judge Aleta A. Trauger** |
| **PROVIDENT LIFE AND ACCIDENT** | ) | |
| **INSURANCE COMPANY (a/k/a UNUM** | ) | |
| **GROUP),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Before the court is plaintiff Larry Lee Himes' Motion for Reconsideration (Doc. No. 35), which cites Rule 59(e) of the Federal Rules of Civil Procedure and seeks the court's reconsideration of the decision denying Himes' Motion for Judgment on the Administrative Record. (*See* Memorandum and Order, Doc. Nos. 33, 34.) Also pending is the defendant's Motion to Enter Judgment (Doc. No. 38).

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

A motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting that a movant "cannot use a Rule 59 motion to raise

arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Relief under Rule 59(e) is an extraordinary remedy reserved for exceptional cases. *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations and quotation marks omitted). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015).

The plaintiff here raises five issues that he claims require reconsideration: (1) that the court erred in concluding that defendant Provident was not required to waive the physician care requirement when it was clear from the record that continued care would be of no benefit; (2) that the court erred in concluding that, under the Plan documents, it was up to Provident to decide when continued care would be of no further benefit, rather than the plaintiff's physician; (3) that the court erred in finding that Provident was entitled to seek objective evidence of his conditions when they are, by their nature, subjective, and further, that the independent medical examiner's report qualified as the evidence of disability that Provident sought; (4) that it was unreasonable for Provident to rely on the independent medical examiner's report; and (5) that the plaintiff proved by more than a preponderance of the evidence that he was disabled. (Doc. No. 35.)

The Motion for Reconsideration does not point to an intervening change in the law or newly discovered evidence as a basis for reconsidering or reversing the court's denial of the Motion for Judgment. Nor does it point to a clear error of law. The Motion, in fact, does not cite to a single case in support of its arguments. Instead, the plaintiff's five points simply reiterate arguments

previously presented in the briefs filed in support of the Motion for Judgment. The court surmises that the plaintiff's position is that manifest injustice would result if the court does not reconsider its previous decision. Rule 59(e), however, "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *1–2 (W.D. Tenn. July 17, 2007) (quoting *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003)).

> As the court noted in *McDaniel*:
>
> no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

*Id.* at *2 (citations omitted). District courts in this circuit have also referenced the definition of "manifest injustice" found in *Black's Law Dictionary*: "An error in the trial court that is direct, obvious and observable such as a defendant's guilty plea that is involuntary. . . . ." *See, e.g.*, *McDaniel*, 2007 WL 205277, at *2 (quoting *Black's Law Dictionary* 974 (7th ed. 1999); *In re Looper*, No. No. 05-38187, 2007 WL 1725251, at *2 (Bankr. E.D. Tenn., June 12, 2007)). The plaintiff has not satisfied these standards in seeking relief under Rule 59(e).

The court finds no basis for reconsideration of the previously entered Memorandum and Order denying the Motion for Judgment. The Motion for Reconsideration (Doc. No. 35), therefore, is **DENIED**.

Further, the court finds no reason not to grant the defendant's Motion to Enter Judgment (Doc. No. 38), to which the plaintiff has not responded. Accordingly, the Motion to Enter Judgment is **GRANTED**.

This is the final Order in this case, and the Clerk is **DIRECTED** to enter judgment in favor of the defendant, in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge